# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CHARLES ALBERT LAW,<br><br>    Plaintiff,<br><br>v.<br><br>BLUESTEM BRANDS, INC. DBA WEBBANK/FINGERHUT, et al.,<br><br>    Defendants. | CASE NO. _____<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1331 (FEDERAL QUESTION JURISDICTION)**<br><br>**(JEFFERSON COUNTY SUPERIOR COURT)** |

Pursuant to 28 U.S.C. § 1331, Defendant Exeter Finance LLC ("Defendant" or "Exeter"), by and through its counsel, hereby files this Notice of Removal of this action from the Superior Court of Jefferson County in Washington State to the United States District Court for the Western District of Washington. In support hereof, Exeter states as follows:

## I.
## PLEADINGS AND PROCEEDINGS TO DATE

On March 21, 2023, Plaintiff Charles Albert Law ("Law" or "Plaintiff") served Exeter with summons and copy of an unfiled "Complaint for Damages for Violations of the Federal Fair Credit Reporting Act, *Inter Alia*" ("Complaint") in the Superior Court of the State of Washington, County of Jefferson entitled *Charles Albert Law vs. Bluestem Brands, Inc. dba Webbank/Fingerhut, Exeter Finance LLC, and Toyota Motor Credit Corporation* (the "State Court Action").

NOTICE OF REMOVAL - 1
Case No. _____



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

1  Under Sections 1441 and 1446, removal is timely if it is filed within thirty (30) days after a defendant is served with a summons and the initial pleading. "A state's own laws and rules of procedure determine when a dispute may be deemed a cognizable legal action in state court for purposes of removal." *Shope v. Cascade Hardwood, LLC*, Case No. 3:22-cv-05632-RJB, 2023 WL 2646469, at *2 (W.D. Wash. Mar. 27, 2023) (citing *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005)). "Pursuant to Washington Superior Court Civil Rule 3(a), a 'civil action is commenced by service of a copy of a summons together with a copy of the complaint . . .'" *Id*. Commencement of a civil action renders the matter removable. *Id*. (citing *Bush*, 425 F.3d at 686; *Pope v. Spokane Sch. Dist. No. 81*, 2021 WL 5967921, at *2 (W.D. Wash. Nov. 19, 2021). Here, the Complaint was not filed in the Jefferson County Superior Court, but summons and a copy of the Complaint were served on Exeter on March 21, 2023. Therefore, under Washington Law, the state court has jurisdiction over the State Court Action, and it has been less than thirty (30) days since Exeter was served. Accordingly, the case is removable, and the removal is timely. *See Shope*, 2023 WL 2646469, at *2; 28 U.S.C. § 1446(b)(1).

Pursuant to 28 U.S.C. § 1446(a) and the Western District of Washington Local Rule 101(b)(1), this Notice of Removal is accompanied by a copy of the Complaint from the State Court Action, which is attached hereto and incorporated by reference as **Exhibit A**.

In his Complaint, Plaintiff demanded a trial by jury. Because no separate jury demand was filed in the State Court Action, no copy of any previously filed jury demand is being filed contemporaneously pursuant to Local Rule 101(b)(3).

Pursuant to 28 U.S.C. § 1446(d), Defendant is serving this Notice of Removal on Plaintiff's counsel of record in the State Court Action.

Pursuant to Local Rule 101(b)(2), a certificate of service listing all counsel and pro se parties who have appeared in the action with their contact information, including email addresses is set forth below and being filed contemporaneously with this Notice of Removal.

NOTICE OF REMOVAL - 2
Case No. _____



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

## II.
## FEDERAL QUESTION JURISDICTION

The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. *See* 28 U.S.C. § 1331. A case may be removed to federal court if it could have been brought in federal court originally. *See* 28 U.S.C. § 1441; *see also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). A claim "arises under" federal law and may be brought in federal court when either (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983); *see also Empire HealthChoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006); *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011).

Here, the Complaint alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and Washington State Consumer Protection Act based on alleged inaccurate reporting on Plaintiff's consumer reports and the purported failure to conduct reasonable investigations relating thereto. The FCRA expressly grants this Court original jurisdiction to hear such claims. *See* 15 U.S.C. § 1681p (an action to enforce the FCRA "may be brought in any appropriate United States district court, without regard to the amount in controversy . . . ."). Thus, Plaintiff's right to relief will necessarily depend upon the resolution of federal law. Accordingly, this Court has federal question jurisdiction and removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441 because Plaintiff's FCRA claim arises under the laws of the United States.

## III.
## SUPPLEMENTAL JURISDICTION

This Court also has jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a). As noted by the Supreme Court, "Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in

NOTICE OF REMOVAL - 3
Case No. _____



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

which the district courts would have had original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005).

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (internal quotations and citations omitted). This principle applies not only to cases originally brought in federal court, but also to those cases removed to federal court. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997).

In this case, Plaintiff's Washington State Consumer Protection Act claim shares a common nucleus of operative facts with the FCRA claim in that both claims are based on alleged wrongful conduct relating to credit reporting. Therefore, supplemental federal jurisdiction exists over Plaintiff's state law claim.

## IV.
## CONSENT TO REMOVAL

Co-defendant Toyota Motor Credit Corporation consents to the removal of the State Court Action and its consent is being filed contemporaneously with this Notice of Removal. No consent from co-defendant Bluestem Brands, Inc. dba Webbank/Fingerhut is required because its has not been served with summons and a copy of the Complaint. *See Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("a party not served need not be joined"

in a petition for removal); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988) (unanimity rule applies "only to defendants properly joined and served in the action.").

WHEREFORE, Exeter removes this action from the Superior Court of Jefferson County in the State of Washington to the United States District Court for the Western District of Washington so that this Court may assume jurisdiction over the cause as provided by law.

DATED this 20th day of April 2023.

Respectfully submitted,

POLSINELLI PC

By:   */s/ Jessica M. Andrade*
    Jessica M. Andrade, WSBA #39297
    1000 2nd Avenue, Suite 3500
    Seattle, WA 98104
    Telephone: (206) 393-5400
    Facsimile: (206) 393-5401
    Email: jessica.andrade@polsinelli.com

*Attorneys for Defendant Exeter Finance LLC*

NOTICE OF REMOVAL - 5
Case No. _____


1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2023, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record, including the below:

| | |
|---|---|
| SaraEllen Hutchison<br>Law Office of SaraEllen Hutchison<br>2367 Tacoma Avenue South<br>Tacoma, Washington 98402<br>Tel: 206-529-5195<br>Fax: 253-302-8486<br>Email: saraellen@saraellenhutchison.com<br>*Attorneys for Plaintiff* | Justin M. Baxter<br>Baxter & Baxter, LLP<br>8835 SW Canyon Lane, Suite 130<br>Portland, Oregon 97225<br>Tel: 503-297-9031<br>Email: justin@baxterlaw.com<br>*Attorneys for Plaintiff* |

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED April 20, 2023, at Seattle, Washington.

> */s/ Jessica M. Andrade*
> Jessica M. Andrade, WSBA #39297
> POLSINELLI PC
> 1000 2nd Avenue, Suite 3500
> Seattle, WA 98104
> Telephone: (206) 393-5400
> Facsimile: (206) 393-5401
> Email: jessica.andrade@polsinelli.com

NOTICE OF REMOVAL - 6
Case No. _____

